U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

OCT 2 6 2009

TONY R. MOORE, CLERK
BY_____
          DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

DON BEVLY

     FED. REG. NO. 16304-086

VS.

UNITED STATES OF AMERICA &
WARDEN J. KEFFER

CIVIL ACTION NO.
09-1081

SECTION P

JUDGE TRIMBLE

MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Pro se petitioner Don Bevly, proceeding in forma pauperis, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on June 25, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the United States Penitentiary, Pollock, Louisiana. He claims that he is entitled to habeas relief and his immediate release from custody because his prior motion to vacate judgment was granted by the sentencing court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

## *Background*

1. <u>United States v. Bevly</u>, No. 1:02-cr-00905 (N.D. Ill.)

On March 21, 2003 petitioner pled guilty to multiple counts of bank robbery and attempted bank robbery in the United States District Court for the Northern District of Illinois. [rec. docs. 21-22] On September 25, 2003 he was sentenced to serve concurrent sentences of 151 months imprisonment and thereafter, a 5-year period of supervised release. [rec. doc. 35]

On September 20, 2004 petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 in which he argued that the application of the career criminal provision of the Federal Sentencing Guidelines was unconstitutional. On May 31, 2005 his Motion was denied and dismissed without prejudice. His request for a Certificate of Appealability was denied by the United States Seventh Circuit Court of Appeals on July 13, 2006. See 1:04-cv-6102.

On March 24, 2008 petitioner filed a *pro se* "Motion to Vacate Void Sentencing Judgment Pursuant to Rule 60(b)(4)." Therein he raised a single complaint, "District Court committed plain error by sentencing Petitioner to Five Years Supervised Release, a term in excess of the three year statutory maximum under 18 U.S.C.S. Section 3559(a)(3)." [rec. doc. 36]

2

On January 12, 2009 the District Judge made the following observations-

> Defendant Don Bevly has filed a motion to amend his sentence, arguing that the requirement of five years of supervised release is not authorized by statute. He requests the court to vacate the previous sentence and to resentence him. After superficially reviewing Bevly's motion, the court agrees that he appears to have been sentenced in error in terms of his term of supervised release. However, a complete resentencing – which may also result in a change in the period of incarceration – is neither necessary nor appropriate as Bevly presents no basis for the court to take such a dramatic step.

> *          *          *

> The court is authorized to terminate a term of supervised release early pursuant to §3583(e)(1), though this would normally occur after Bevly has begun his supervised release and asked the court to terminate it early. (Bevly remains in custody at this time.) The court is disinclined to wait to correct what appears to have been an error. However, Bevly's motion is also problematic. Bevly cites to 'Rule60,' presumably of the Federal Rules of Civil Procedure, which is inapplicable in this criminal case. Rule 35 of the Federal Rules of Criminal Procedure is of no use as it requires sentence modifications to be requested within seven days of sentencing. A habeas petition under Section 2255 also is problematic – Bevly would appear barred from filing a petition now because of the period of time that has elapsed since his conviction.

> For the reasons stated above, the court is inclined to modify Bevly's term of supervised release to a period of three years. The government is ordered to brief any objections it may have to this modification by February 6, 2009. If no objection is filed, the court will modify Bevly's supervised release. [rec. doc. 40]

Thereafter, when no objection was received, the court on February 11, 2009 reduced the term of supervised release to three years. [rec. doc. 41]

On May 12, 2009 petitioner filed a pro se "Motion to Correct Sentence Pursuant to Rule 35(a)." Petitioner argued that he was entitled to be present and to be represented by counsel when the amended sentence was imposed, and, that since the Court vacated his sentence and amended only that part of the sentence ordering supervised release, that he was entitled to his immediate release from custody. [rec. doc. 45]

On May 19, 2009 his motion was denied. In so doing, the Court noted,

> The following entry is made to clarify the docket. Docket entry [41] is vacated, and replaced with the following: 'Having received no objection from the government, Defendant's motion to vacate void sentencing judgment [36] is granted in part and denied in part. Bevly's order of supervised release is modified to a period of three years. Bevly's period of incarceration is unchanged.'
>
> ... Defendant's motion to correct sentence [45] is denied. [rec. doc. 46]

In support of this order, the Court made the following observations:

4

Defendant filed a motion to vacate his sentence, arguing that his term of supervised release was beyond that authorized by statute. He requested that this be corrected, and that he be re-sentenced.

As indicated in the court's 1/12/2009 Order, the court refused to consider re-sentencing Bevly... Instead, the court observed that Bevly's period of supervised release appeared to have been the result of technical error. The court asked the government to brief any objections it may have. Receiving no objections, the court modified Bevly's period of supervised release via order dated 2/11/2009. The court did <u>not</u> vacate the rest of Bevly's sentence, and thus there is no need for a resentencing.

*          *          *

Bevly also has filed a motion 'to correct sentence pursuant to Rule 35(a),' which is premised on the notion that this court conducted an *in absentia* sentencing on 2/11/09. As state above, and in the previous orders, this did not occur – the court did not resentence Bevly, but rather modified the technical error that existed in the judgment form. Bevly's constitutional arguments regarding an *in absentia* sentencing are not relevant. That motion is denied. [rec. doc. 46]

Petitioner did not seek appellate review of this order.

## 2. <u>Bevly v. United States and Warden J. Keffer</u>, No. 1:09-cv-1081

Instead, on June 25, 2009 he filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner contends "... that he is being held in unlawful restraint in violation of the United States Constitution and laws of the United States." [rec. doc. 1-3] In support of this claim he

argues that when the United States District Court in Illinois granted his Motion to Vacate his entire sentence was vacated leaving "... no sentencing judgment in case No. 02 CR 905." [*Id.*]

### *Law and Analysis*

#### *1. Jurisdiction*

*Habeas corpus* petitions filed by federal prisoners pursuant to 28 U.S.C. §2241 are generally used to challenge the <u>manner</u> in which a sentence is executed. See <u>Warren v. Miles</u>, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, the Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See <u>Cox v. Warden, Fed. Det. Ctr.</u>, 911 F.2d 1111, 1113 (5th Cir.1990).

This petition presents an unusual circumstance. Petitioner does not attack the legality of his conviction and the original sentence which was imposed. Instead, he attacks the legality of the amended sentence which was imposed after petitioner successfully litigated his "Motion to Vacate Void Sentence..." In other words, petitioner now collaterally attacks the legality of his amended sentence and therefore, his claim should be advanced in a Motion to Vacate filed in the sentencing court pursuant to 28 U.S.C. §2255.

6

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. <u>Reyes-Requena</u>, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. <u>Jeffers</u>, 253 F.3d at 830; <u>Toliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of

7

a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. <u>Christopher v. Miles</u>, 342 F.3d 378 (5th Cir. 2003).

### 2. Merits

Even if this Court could exercise *habeas corpus* jurisdiction over petitioner's claim, the end result would be the same. A petitioner is entitled to *habeas* relief pursuant to §2241 only if he is able to demonstrate that he is in custody in violation of the Constitution and laws of the United States. 28 U.S.C. §2241. The factual basis of petitioner's claim for relief is his assertion that the sentencing court reduced the term of supervised release to three years and voided the original judgment insofar as it imposed a prison sentence.

Petitioner's assertion is without a basis in fact. As shown above, when petition raised this issue in the United States District Court in Illinois,  it was soundly rejected as follows:

> The court did <u>not</u> vacate the rest of Bevly's sentence, and thus there is no need for a resentencing.

*          *          *

8

As state above, and in the previous orders, ... the
court did not resentence Bevly, but rather modified
the technical error that existed in the judgment form.
[rec. doc. 46]

### Conclusion and Recommendation

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas*
*Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation

have ten (10) business days from service of this report and

recommendation to file specific, written objections with the

Clerk of Court. A party may respond to another party's objections

within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual**

**finding and/or the proposed legal conclusions reflected in this**

**Report and Recommendation within ten (10) days following the date**

**of its service, or within the time frame authorized by**

**Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

**either the factual findings or the legal conclusions accepted by**

**the District Court, except upon grounds of plain error. See**

**Douglas v. United Services Automobile Association, 79 F.3d 1415**

**(5th Cir. 1996).**

9

In Chambers at Alexandria, Louisiana, _October 26_ ,
2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE